USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DURACELL INC.,

        Plaintiff,

v.

GLOBAL IMPORTS, INC.,

        Defendant.

No. 17-MC-185

ORDER ADOPTING REPORT AND
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

On June 5, 2017, Plaintiff Duracell Inc. filed a motion for contempt against Defendant Global Imports, Inc., ("Global Imports") alleging that Defendant had violated a July 8, 1983 consent judgment in which it agreed not to "import[], buy[], sell[], or otherwise dispos[e] of batteries manufactured abroad by plaintiff Duracell Inc." Dkt. 3-1, Ex. B. According to Plaintiff, from January to mid-2017, Defendant violated the consent judgment by selling Chinese-manufactured Duracell batteries to customers in the United States. *See* Pl's. Mem. at 1, Dkt. 2. This Court subsequently granted Plaintiff's motion for contempt, and referred the case to Magistrate Judge Fox to determine the appropriate sanctions against Defendant.* *See* Dkt. 20.

On August 16, 2018, Judge Fox issued a Report and Recommendation (the "Report") advising the Court to grant Plaintiff $129,172.33 in compensatory damages and to order Defendant to surrender to Plaintiff its inventory of the offending batteries. *See* Report at 27, Dkt. 94. On August 23, 2018, the parties requested a three-week extension to file their objections to the Report, Dkt. 95, which the Court granted, Dkt. 96. On September 13, 2018, Defendant

---

* On December 20, 2017, Judge Sullivan denied Plaintiff's additional motion to hold Defendant in contempt for selling a different set of batteries to U.S. customers that were manufactured abroad. *See* Dkt. 66.

timely objected to the Report. *See* Dkt. 97. Plaintiff responded to Defendants' objection on September 17, 2018, including objections of its own. *See* Dkt. 98. On January 3, 2019, this Court requested supplemental briefing on Defendants' objection to the Report, *see* Dkt. 101, which was completed on February 1, 2019, *see* Dkts. 102-05.

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Hancock v. Rivera*, No. 09–CV–7233 (CS)(GAY), 2012 WL 3089292, at *1 (S.D.N.Y. July 30, 2012) (citing 28 U.S.C. § 636(b)(1)(C)). "A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made." *Id.* "The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Id.* "In addition, '[t]o the extent ... that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.'" *Id.* (quoting *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07–CV–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 2, 2008)) (alterations in original).

According to Defendant, Duracell was aware in January 2017 that Global Imports was breaching the consent judgment, but "waited until April to first contact Global and then waited even longer, until late May," to identify the batteries at issue. Def.'s Objections at 4. Defendant therefore asserts that Duracell "should not be entitled to Global's sales [from January to April 2017], because such harm was due to [Duracell's] failure to promptly notify Global and mitigate damages." *Id.* For the same reason, Defendant contends that it should not be required to turn

2

over any inventory purchased in that timeframe absent a credit, because it would not have purchased such items had Duracell promptly notified Defendant that it was in breach of the consent judgment. *See id.* at 4-5.

In response, Plaintiff argues that it had no legal obligation to mitigate damages under the consent judgment. *See* Pl.'s Response at 3-4. Duracell further contends that, if the Court sustains Defendant's objection, it should find that Judge Fox committed clear error by (1) not trebling the amount of damages against Defendant for its misconduct, *id.* at 4-5, and (2) reducing the amount of attorney's fees requested by Duracell, *id.* at 5-12.

The Court agrees with Duracell that its damages award should not be reduced on the basis that it waited approximately three months from its discovery of Global Imports' breach of the consent judgment to inform Defendant of its misconduct. Defendant "was on notice of its obligations under the consent [judgment] from the time of its entry, and yet [did not take] meaningful steps to ensure its compliance with those provisions." *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 642 F. Supp. 2d 276, 296 (S.D.N.Y. 2009). Indeed, the harm caused by Global Imports' sale of the batteries at issue was not, as Defendant insists, "due to [Duracell's] failure to promptly notify Global and mitigate damages," Def.'s Objections at 4; it was due, rather, to Global Imports' violation of the consent judgment. In any event, the Court does not consider Plaintiff's three-month delay in directly contacting Defendant to be an unreasonable failure to mitigate damages given the time necessary for Duracell to determine the extent of Global Imports' prohibited sales and to decide what course of action to take.

As for Plaintiff's arguments that Judge Fox erred in calculating the amount of damages to which Duracell was entitled, these contentions were made after the deadline to object to the

Report, *see* Dkt. 98, and were therefore untimely. "Where no timely objection has been made ... a district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation." *Pineda v. Masonry Const., Inc.*, 831 F.Supp.2d 666, 670 (S.D.N.Y. 2011) (internal quotation marks omitted). The Court has reviewed the issues raised by Duracell for "clear error" and found none.

Accordingly, the Court adopts the Report in its entirety. The Clerk of Court is respectfully requested to close the case.

SO ORDERED.

Dated: February 12, 2019
New York, New York

_____
Ronnie Abrams
United States District Judge

4